United States District Court
Southern District of Texas
**ENTERED**
June 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ERIC CORDERO ROMULO, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-01379 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GRANT DICKEY, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Eric Cordero Romulo filed a petition for writ of *habeas corpus* under 28 USC §2241 on February 20, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b), after having been previously released on his own recognizance, violates constitutional guarantees of due process and equal protection. Id at 3, 5–14.

This action was previously assigned to Judge Alfred H. Bennett, who referred it to Magistrate Judge Yvonne Y. Ho. Dkt 4. Judge Ho ordered the Government to answer the petition on an expedited basis and granted Petitioner an opportunity to reply. See Dkt 5 at 2.

Pending also is a motion by the Government to dismiss the petition. Dkt 6. It argues that the current petition is an abuse of the writ because the undersigned previously dismissed a petition by Petitioner, and the claims raised here either were or could have been raised in that action. Id at 3–4; see also *Cordero-Romulo v Noem*, 4:26-cv-00248 (SD Tex, Feb 2, 2026) (order on dismissal).

Petitioner argues on reply that the motion should be denied as untimely. Dkt 7 at 2–3. He further contends that

prior order by the undersigned expressly authorized him to file the current petition and that, in any event, the current petition is not an abuse of the writ. Id at 3–8.

The matter was reassigned to the undersigned based on the referenced prior action. See Dkt 9 (transfer order). The current petition will be denied as both an abuse of the writ and for failure on the merits.

*As to timeliness,* Petitioner requests that the motion to dismiss be denied as untimely and that the Government be ordered to address the petition on the merits. See Dkt 7 at 2–3. No reason is given to justify further delay in adjudicating Petitioner's claims. And the Government's motion itself addresses the merits. It will thus be accepted as timely.

*As to abuse of the writ,* the Government notes that a petition constitutes an abuse of the writ if it raises claims that were or could have been raised in a prior petition. Dkt 6 at 3, citing *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). It observes that Petitioner previously brought a challenge to his detention under both procedural and substantive due process, as he does again here. See Dkt 6 at 3; see also *Cordero-Romulo v Noem*, 4:26-cv-00248 (SD Tex), Dkt 1 at ¶¶24–31 (prior petition). And it further contends that any novel claims raised in the petition could have been raised previously. See Dkt 6 at 3–4.

Petitioner argues in reply that the current petition was authorized by prior order, followed a change in the law, and rests on materially different facts. See Dkt 7 at 3–6.

Prior order granted Petitioner leave to file a new petition "[i]f decision from the Fifth Circuit enters *that is contrary to the ruling here.*" *Cordero-Romulo*, 4:26-cv-00248 (SD Tex, Feb 2, 2026) (emphasis added). This simply authorized refiling in the event of a change in the law that would potentially render Petitioner's detention unlawful. But it is *Buenrostro-Mendez v Bondi* that Petitioner cites as opening the door to bring an as-applied constitutional challenge. Dkt 7 at 4–5, citing 166 F4th 494, 504 (5th Cir 2026). Far from changing the law, that ruling merely

confirmed the statutory interpretation adopted by the undersigned in rejecting the prior petition. See 166 F4th at 502–08. Petitioner remained free to raise constitutional challenges to his detention previously—and in fact did so. Regarding purported factual changes, Petitioner relies on the length of his detention having increased since filing his previous detention. See Dkt 7 at 5–6. But Petitioner identifies no authority indicating that his detention has now exceeded some threshold giving rise to a legal claim that could not have been raised previously.

The current petition thus consists entirely of claims that either were or could have been raised in the prior petition. The petition will thus be denied as an abuse of the writ.

*As to the merits,* for the avoidance of doubt, the claims raised in the new petition fail even if considered. As stated above, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez.* In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez.* For example, see:

- o *Penafiel Clavijo v Thompson,* 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month

period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

o  *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection.

o  *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that prior release on supervision under §1226(a) doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without individualized custody determination.

o  *Diakite v Frink*, 4:26-cv-2752 (SD Tex, May 27, 2026): Holding that revocation of prior release under §1226(a) doesn't require a showing of materially changed circumstances, given that §1226(b) permits such revocation "at any time," and §1226(e) limits judicial review of such determinations.

The arguments presented in the petition and reply raise only issues resolved to the contrary in the decisions cited above. Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government to dismiss is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Eric Cordero-Romulo is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on June 22, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

4