United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ERIC CORDERO-ROMULO, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-01379 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GRANT DICKEY, *et al*, Respondents. | § | |

## ORDER

Petitioner Eric Cordero-Romulo, proceeding through counsel, filed a petition for writ of *habeas corpus* under 28 USC §2241 on February 20, 2026. Dkt 1. On June 22, 2026, the petition was dismissed with prejudice as an abuse of the writ because the claims had previously been raised and denied in *Cordero-Romulo v Noem*, 4:26-cv-00248 (SD Tex, Feb 2, 2026). Dkt 10 at 2–3. The order also noted that Petitioner's claim for relief was precluded by prior precedent. Id at 3–4.

Pending now motions by Petitioner *pro se* to proceed without counsel and for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Dkts 13 & 14. The Government responded to the motion for reconsideration or relief. Dkt 15.

A Rule 60(b) motion challenges "an already completed judgment." *Banister v Davis*, 590 US 504, 520–21 (2020). Because "final judgments should not be lightly reopened," relief under Rule 60(b) is both limited and uncommon. *Lowry Development LLC v Groves and Associates Insurance Inc*, 690 F3d 382, 385 (5th Cir 2012), quoting *Seven Elves Inc v Eskenazi*, 635 F2d 396, 401 (5th Cir Unit A Jan 1981). Relief under Rule 60(b) is available only if the moving party can show (i) mistake, inadvertence, surprise,

or excusable neglect, (ii) certain newly discovered evidence, (iii) fraud, misrepresentation, or misconduct by an opposing party, (iv) voidness of the judgment, (v) events casting doubt on the validity or equity of continuing to apply the judgment, or (vi) any other reason that justifies relief.

A *mistake* for purposes of Rule 60(b)(1) encompasses both errors of fact and law, including "a judge's errors of law." *Kemp v United States*, 596 US 528, 533–34 (2022). Relief under the *any other reason* factor requires the moving party to show that extraordinary circumstances require relief. See *Hesling v CSX Transportation Inc*, 396 F2d 632, 636 (5th Cir 2005). But a party's mere disagreement with the judgment doesn't afford relief under Rule 60(b). For example, see *Carter v Dolce*, 741 F2d 758, 760 (5th Cir 1984) (holding that Rule 60(b) motion is not opportunity to relitigate decision because plaintiff is unhappy with result); *Fackelman v Bell*, 564 F2d 734, 735 (5th Cir 1977) (same).

Petitioner contends that he's entitled to relief under Rule 60(b) because of a change in the law reflected in the recent Fifth Circuit decision in *Sosnava Rodriguez v Ortega*, 180 F4th 702 (5th Cir 2026). Dkt 14 at 6–7. With reference to limitations imposed by the Due Process Clause, that decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Sosnava, 180 F4th at 727–28. But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See 181 F4th 608 (5th Cir 2026). This means that the panel opinion is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

Assuming that the panel decision in *Sosnava* was an event casting doubt on the validity of continuing to apply the original judgment under Rule 60(b)(5), its vacatur undermines the contention. The law is instead just as it

was before the panel decision issued. No other extraordinary circumstance appears to exist that would afford relief under Rule 60(b)(6).

Having failed to allege facts showing a basis for relief under Rule 60(b), Petitioner isn't entitled to the relief he seeks. His motion will be denied.

* * *

The motion by Petitioner to proceed without counsel is GRANTED. Dkt 13.

Counsel is DISCHARGED from further representation in this matter but may freely reapply to act as counsel upon Petitioner's request.

The motion by Petitioner Eric Cordero-Romulo for relief from judgment is DENIED. Dkt 14.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

SO ORDERED.

Signed on August 19, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge